## RIVER VALLEY MOTORS, INC. d/b/a Honda World v. Peggy RAMEY

CA 05-1410                         239 S.W.3d 555

Court of Appeals of Arkansas
Opinion delivered September 20, 2006

*Perkins & Trotter, PLLC,* by: *Julie DeWoody Greathouse* and *James D. Rankin, III,* for appellant.

*Peel Law Firm, P.A.,* by: *Jennifer L. Modersohn,* for appellee.

SAM BIRD, Judge. Appellant River Valley Motors, Inc., d/b/a Honda World (Honda World), appeals from both a judgment ordering it to pay compensatory and punitive damages to appellee Peggy Ramey and the subsequent denial of its motion for judgment notwithstanding the verdict and a new trial. Honda World contends (1) that the evidence at trial was insufficient to support the jury's verdict; (2) that the jury's verdict was against the preponderance of the evidence; (3) that the reinstatement of Ramey's revocation claim after the trial court granted Honda World's motion for a directed verdict was in error; and (4) that the punitive damages award without compensatory damages for fraud was improper. Because Honda World failed to challenge the trial court's ruling that its motion for judgment notwithstanding the verdict and a new trial was untimely, and because the filing of its notice of appeal was also untimely, we dismiss the appeal.

On July 19, 2004, Ramey filed an action for fraud against Honda World after becoming unhappy with a car that she had purchased at the dealership. In her complaint, Ramey alleged that she had revoked acceptance of the vehicle and she sought to be restored to "her position prior to the contract." She also tendered return of the vehicle and sought a refund of the $14,000 contract price for the vehicle. In addition, she claimed that Honda World "intentionally pursued a course of conduct for the purpose of causing damage" and requested punitive damages.

At trial, Ramey explained that she purchased the car on March 29, 2003, and, at that time, the salesperson told her that the car had not been "wrecked." Within two weeks of purchasing the car, Ramey experienced problems with it, discovered that it had previously been involved in an accident, and returned to Honda World to say that she "wanted out of the car." She claimed that Honda World promised to help her find another car, but they were "unable to find another car to meet [her] satisfaction." Ramey admitted that she had a minor accident after purchasing the car. She also admitted that, for the two-and-a-half years prior to the time of the trial, she had kept the car, made payments on it, and treated it as her own. Ramey put approximately 26,000 additional miles on the car during this time.

Honda World subsequently moved for a directed verdict on Ramey's revocation claim and fraud claim. The trial court granted the motion with respect to the revocation claim, but denied the motion on the fraud claim.

Several employees of Honda World testified that they did not know the car had previously been involved in an accident. Darrell Gill, the sales manager at Honda World, testified that he did his "best" to find a new car for Ramey and that she never said, "Here's the car. Give me my money back."

After Honda World rested, Ramey asked the court to reconsider its ruling on the directed-verdict motion for the revocation claim, asserting that Honda World "opened the door" when it asked Gill whether Ramey had ever asked for her money back. The trial court reinstated the revocation claim, and Honda World objected. Honda World then moved for a directed verdict on the issue of punitive damages, and the court denied the motion.

The jury awarded Ramey $13,500 in compensatory damages for revocation of acceptance and $20,000 in punitive damages, but did not award compensatory damages for fraud. Judgment against

Honda World for these sums was entered on August 3, 2005. On August 18, 2005, Honda World filed a "Motion for Judgment Notwithstanding the Verdict and New Trial," claiming, among other things, that the jury's verdict was clearly contrary to the preponderance of the evidence presented during trial and that the award of punitive damages was contrary to law. Ramey responded, arguing that Honda World's motion was not timely filed, noting that the lapse of time between the filing of the judgment (August 3) and the filing of Honda World's motion (August 18) was more than ten days, excluding weekends and holidays. Ramey also argued that, even if Honda World's motion was timely, the motion should be denied on its merits.

At a hearing on Honda World's motion, Honda World presented evidence that, although its motion was not file-marked until August 18, 2005, the motion was actually delivered to and received in the circuit clerk's office at 2:26 p.m. on August 17 but, due to a "clerical oversight," was not file-marked until August 18. Honda World argued that under these circumstances, its JNOV and new-trial motion should be treated as timely filed and considered by the court on its merits. In ruling on Honda World's motion, the court made two findings: first, that Honda World's motion, having not been file-marked until eleven days after the entry of judgment, was not timely filed as required by Rules 50 and 59 of the Arkansas Rules of Civil Procedure; and second, that Honda World's JNOV and new-trial motion was without merit.

On appeal, Honda World contends (1) that the evidence at trial was insufficient to support the jury's verdict; (2) that the jury's verdict was against the preponderance of the evidence; (3) that the reinstatement of the revocation claim after the trial court granted Honda World's motion for a directed verdict was in error; and (4) that the punitive damages award without compensatory damages for fraud was improper. Ramey argues in her responsive brief that Honda World's notice of appeal was untimely because it was not filed within thirty days following the entry of the judgment from which it appeals.

Significantly, Honda World has failed to challenge on appeal the trial court's conclusion that its JNOV and new-trial motion was not timely filed. Consequently, as a preliminary matter, we must determine whether this court has jurisdiction to consider this appeal. Ramey claims that Honda World's appeal should be dismissed because its notice of appeal was not timely filed. As Ramey points out, a notice of appeal must be filed within thirty

days of the entry of judgment appealed from. *See* Ark. R. App. P. – Civ 4(a). However, the time to file a notice of appeal is extended upon the *timely* filing of a motion for judgment notwithstanding the verdict pursuant to Rule 50(b) of the Arkansas Rules of Civil Procedure or the *timely* filing of a motion for a new trial pursuant to Rule 59(a). *See* Ark. R. App. P.–Civ. 4(b) (emphasis added). Specifically, when such a motion is timely filed, the notice of appeal must be filed within thirty days from the entry of the order disposing of the motion or from the date the motion is deemed denied. *See* Ark. R. App. P.–Civ. 4(b). Ramey claims that, because Honda World failed to file a *timely* motion for judgment notwithstanding the verdict and new trial in this case, the time to file its notice of appeal was not extended under Rule 4(b), and the failure to file a notice of appeal within thirty days of the August 3, 2005 judgment requires us to dismiss the appeal. We agree.

■■ While we express no opinion as to whether the trial court erred in ruling that Honda World's JNOV and new-trial motion was untimely, it cannot be disputed that Honda World has not challenged the trial court's ruling on appeal. Because of the trial court's unchallenged ruling that Honda World's motion was not timely, the filing of the motion could not have the effect of extending beyond thirty days the time for filing the notice of appeal. Therefore, Honda World's notice of appeal would have been required to be filed not later than thirty days after the judgment was entered on August 3, 2005. The record reflects that Honda World's notice of appeal was not filed until October 3, 2005, clearly more than thirty days after the entry of judgment. Therefore, we must dismiss the appeal because we lack jurisdiction to consider it.

Appeal dismissed.

BAKER and ROAF, JJ., agree.